UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| **BRIDGET POLLARD,**<br>2717 Cabochon Diamond Court<br>Raleigh, NC  27610<br><br>   **Plaintiff,**<br><br> v.<br><br>**QUEST DIAGNOSTICS,**<br>1150 Varnum Street, N.E.<br>Washington, DC  20620<br><br>   **Defendant.** | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)  Case No. 1: 07-00692(CKK)<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

## DEFENDANT'S ANSWER

 Defendant Quest Diagnostics, by and through counsel and pursuant to Fed. R. Civ. P. 8, hereby files its Answer to the Complaint in the above-captioned case.

 Defendant responds to each of the numbered paragraphs in the Complaint as follows:

 1.  Paragraph 1 contains a description of the action to which no response is required.

 2.  Paragraph 2 contains a legal conclusion to which no response is required.

 3.  Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 3.

 4.  Paragraph 4 contains a legal conclusion to which no response is required.

 5.  Paragraph 5 contains a legal conclusion to which no response is required.

 6.  Paragraph 6 contains a legal conclusion to which no response is required.

1

7. Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 7.

8. Defendant admits that the EEOC dismissed Plaintiff's Charge and issued her a Notice of Right to Sue on or about February 28, 2007.

9. Paragraph 9 contains a legal conclusion to which no response is required.

10. Defendant repeats and incorporates by reference herein its responses to paragraphs 1 through 9 of the Complaint.

11. Defendant admits that Plaintiff applied for and was not given the position of Project Manager, but it denies the remaining allegations of paragraph 11.

12. Defendant admits the position was first offered to a white female candidate who was more qualified than Plaintiff, and that said candidate declined the position, but denies the remaining allegations of paragraph 12.

13. Defendant admits the position was then offered to a white male candidate who was more qualified than Plaintiff and that said candidate accepted the position, but denies the remaining allegations of paragraph 13.

14. Defendant denies the allegations in paragraph 14.

15. Defendant repeats and incorporates by reference herein its responses to paragraphs 1 through 14 of the Complaint.

16. Paragraph 16 contains a legal conclusion to which no response is required.

17. Defendant denies the allegations in paragraph 17.

18. Defendant denies the allegations in paragraph 18.

19. Defendant denies the allegations in paragraph 19.

20. Defendant repeats and incorporates by reference herein its responses to paragraphs 1 through 19 of the Complaint.

21. Paragraph 21 contains a legal conclusion to which no response is required.

22. Defendant denies the allegations in paragraph 22.

23. Defendant denies the allegations in paragraph 23.

24. Defendant denies the allegations in paragraph 24.

Defendant further denies each and every allegation of the Complaint not specifically admitted herein to be true, and denies further that Plaintiff is entitled to any of the relief requested.

## AFFIRMATIVE DEFENSES

As and for its Affirmative Defenses, Defendant states as follows:

1. The Complaint fails to state any claims upon which relief can be granted.

2. Plaintiff fails to allege a prima facie case of discrimination.

3. Plaintiff fails to allege a prima facie case of retaliation.

4. Defendant had legitimate nondiscriminatory and nonretaliatory reasons for all of its actions with respect to Plaintiff.

5. Plaintiff was not as qualified for the position as the person who was selected.

6. Plaintiff failed to mitigate any alleged damages.

7. Plaintiff's Complaint violates Fed. R. Civ. P. 11.

WHEREFORE, having answered fully, Defendant respectfully requests that the Complaint be dismissed in its entirety with prejudice, and that Defendant be awarded its

reasonable attorneys' fees and costs and such further relief as the court may deem proper.

                                    Respectfully submitted,

                                        /s/    Michael L. Stevens
Michael L. Stevens, Esq., D.C. Bar No. 384887
Arent Fox LLP
1050 Connecticut Avenue, N.W.
Washington, D.C.  20036-5339
(202) 857-6000

Dated:  May 16, 2007

## CERTIFICATE OF SERVICE

I hereby certify that on May 16, 2007, a true and correct copy of the foregoing Answer was served by U.S. first-class mail upon the following:

>Nathaniel D. Johnson, Esquire
>Richard L. Thompson, Esquire
>THE LAW FIRM OF NATHANIEL D. JOHNSON, L.L.C.
>3475 Leonardtown Road
>Suite 200
>Waldorf, MD  20602

>_____
>Michael L. Stevens