UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| **BRIDGET POLLARD,**<br><br>    **Plaintiff,**<br><br>    v.<br><br>**QUEST DIAGNOSTICS,**<br><br>    **Defendant.** | **Civil Action No. 07-00692 (CKK)** |

### THE PARTIES' LOCAL RULE 16.3 JOINT STATEMENT

Plaintiff Bridget Pollard and Defendant Quest Diagnostics ("Quest"), pursuant to Fed. R. Civ. P. 26(f) and Local Rule 16.3 and the Court's June 28, 2007 Order for Initial Scheduling Conference, by counsel, hereby submit this Joint Statement memorializing their discussions at the Rule 26(f) conference held by counsel for the parties.

### Brief Statement of the Case and Statutory Basis for Claims and Defenses

Plaintiff Bridget Pollard, a former employer of Quest, alleges that she was discriminatorily denied a promotion based upon her race and color. Plaintiff also claims that she received an unsatisfactory performance evaluation in retaliation for filing a charge with the Equal Employment Opportunity Commission. Plaintiff's claims are brought under Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e et seq. and 42 U.S.C. § 1981.

Quest generally denies Plaintiff's allegations, and has asserted the following affirmative defenses in this case:

    1. The Complaint fails to state any claims upon which relief can be granted.

    2. Plaintiff fails to allege a prima facie case of discrimination.

-2-

    3.  Plaintiff fails to allege a prima facie case of retaliation.

    4.  Defendant had legitimate nondiscriminatory and nonretaliatory reasons for all of its actions with respect to Plaintiff.

    5.  Plaintiff was not as qualified for the position as the person who was selected.

    6.  Plaintiff failed to mitigate any alleged damages.

    7. Plaintiff's Complaint violates Fed. R. Civ. P. 11.

    As for the matters to be discussed by the parties pursuant to Local Rule 16.3(c), the parties state as follows:

    1.    Defendant believes the case may, at least in part, be disposed of by a summary judgment motion.

    2.    The parties agree to join other parties or amend pleadings by August 31, 2007. The parties agree that there would likely be some factual issues to which the parties could stipulate.

    3.    The parties do not believe the case should be assigned to a magistrate.

    4.    The parties believe that there is a possibility of settlement of the case after some or all of discovery is completed.

    5.    The parties believe that the Court's ADR procedures could be helpful after the close of discovery.

    6.    Defendant believes the case may be resolved by summary judgment.  If the court does not intend to set a briefing schedule after the close of discovery, the parties agree to serve motions for summary judgment by thirty (30) days after the close of discovery. The parties agree to serve oppositions to any motions for summary judgment thirty (30) days thereafter, and to serve replies to such oppositions fifteen (15) days after the serving of oppositions. The parties

propose that a decision on any motions for summary judgment be issued within thirty (30) days of the briefing being completed.

      7.      The parties stipulate to dispense with the initial disclosures required by Fed. R. Civ. P. 26(a)(1).

      8.      The parties agree to a discovery period of 120 days. The parties agree to abide by the Local Rules for limitations on interrogatories, depositions, and discovery requests. They reserve the right to seek protective orders as deemed appropriate.

      9.      While no expert witnesses are anticipated at this point, the parties agree to the requirements for the exchange of expert witness reports and information pursuant to Fed. R. Civ. P. 26(a)(2).

      10.      This is not a class action.

      11.      This case is not appropriate for bifurcation, either during the trial or discovery phase.

      12.      The parties propose that the pretrial conference, if necessary. shall take place during or around four weeks after a decision on any summary judgment motion.

      13.      The parties request that the Court set a firm trial date at the pretrial conference.

Respectfully submitted,

      /s/   Michael L. Stevens
Michael L. Stevens, Esq., D.C. Bar No. 384887
Arent Fox LLP
1050 Connecticut Avenue, N.W.
Washington, D.C. 20036-5339
(202) 857-6000

          /s/   Nathaniel D. Johnson
Nathaniel D. Johnson, Esq.
THE LAW FIRM OF NATHANIEL D. JOHNSON, L.L.C.
3475 Leonardtown Road, Suite 200
Waldorf, Maryland 20602
(301) 645-9103

Dated:  August 2, 2007

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| **BRIDGET POLLARD,**<br><br>　　　　**Plaintiff,**<br><br>　　　v.<br><br>**QUEST DIAGNOSTICS,**<br><br>　　　　**Defendant.** | **Civil Action No. 07-00692 (CKK)** |

## ORDER

　　　Upon consideration of the parties Joint Meet and Confer Statement, it is this _____ day of _____ 2007, by the District Court of the District of Columbia, hereby

　　　**ORDERED** that all parties shall be joined and pleadings amended by the ____ day of _____, 2007;

　　　**ORDERED** that discovery in this case shall close on the ____ day of _____, 2007; dispositive motions shall be served by no later than 30 days thereafter, on the _____ day of _____, 2007; oppositions to dispositive motions shall be served no later than 30 days after serving of dispositive motions; replies to oppositions to dispositive motions shall be served no later than 15 days after oppositions are served.

　　　　　　　　　　　　　　　　　　　　　　　_____
　　　　　　　　　　　　　　　　　　　　　　　Hon. Colleen Kollar-Kotelly
　　　　　　　　　　　　　　　　　　　　　　　UNITED STATES DISTRICT JUDGE