IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

**BRIDGET POLLARD**
**2717 Cabochon Diamond Court**
**Raleigh, NC 27610**

    **Plaintiff,**

v.                                                                                  Civil No. 07-692 (CKK)

**QUEST DIAGNOSTICS,**
**1150 Varnum Street, N.E.**
**Washington, DC 20620**

                    **Defendant.**
Serve:

**NATIONAL REGISTERED AGENTS, INC.**
**1090 VERMONT AVE NW, SUITE910**
**Washington, DC 20005**

## AMENDED CIVIL COMPLAINT

**NOW COMES** Plaintiff, Bridget Pollard, by and through undersigned counsel and files this amended civil complaint for damages, pursuant to F.R.C.P. 15. Plaintiff states herein as follows:

### JURISDICTION AND VENUE

1. This action is authorized and instituted pursuant to Title VII of the 1964 Civil Rights Act, as amended by 1991, hereinafter "Title VII;" this action is also authorized and instituted pursuant to 42 U.S.C. §1981, hereinafter "1981."

2. This action properly lies in the District Court for the District of Columbia because this judicial district has personal jurisdiction over Defendant. This action is also

1

in accordance with 28 U.S.C. 1331.

## PARTIES

3. "Plaintiff", Bridget Pollard is a citizen of the United States and resides in the State of North Carolina.

4. Plaintiff is an employee as defined in accordance with Title VII.

5. In accordance with the Title VII, she is a member of protected classes based upon her race and color.

6. "Defendant," Quest Diagnostics is an employer as defined in accordance with Title VII.

## ADMINISTRATIVE PROCEDURES

7. Plaintiff timely filed her Charges of Discrimination against the Defendant with the U.S. Equal Employment Opportunity Commission-Washington Field Office on November 29, 2005, and amended her complaint on February 28, 2006.

8. Plaintiff was issued her Notice of Right to Sue on February 28, 2007.

9. Plaintiff therefore invokes her right to sue under 42 U.S.C. § 2000e-5(f) and 29 U.S.C. § 626 in that she has satisfied all administrative and judicial prerequisites to the institution of this action.

## COUNT I

### DISPARATE TREATMENT BASED ON RACE AND COLOR
### IN VIOLATION OF TITLE VII & 1981

10. Plaintiff re-alleges the allegations of Paragraphs 1 through 9, and incorporates them by reference herein.

11. Plaintiff applied for the position of Project Manager in Defendant's IT Department

2

and was denied the position notwithstanding her extensive years of experience and expertise.

12. Plaintiff avers Defendant initially offered the position to a similarly-situated white female employee but the offer was declined.

13. Plaintiff avers Defendant then offered the position to a similarly-situated white male employee with lesser experience and qualifications than Plaintiff.

14. As a direct result of Defendant's discriminatory practices, Plaintiff has sustained economic and non-economic damages.

## COUNT II

### RETALIATION IN VIOLATION OF TITLE VII & 1981

15. Plaintiff re-alleges the allegations of Paragraphs 1 through 14, and incorporates them by reference herein.

16. Plaintiff avers that she engaged in protected activity when she filed her Charge of Discrimination with the U.S. EEOC, complaining of disparate treatment against Defendant.

17. Plaintiff avers that as a result of engaging in protected activity she suffered an adverse action, namely an inferior performance evaluation.

18. Plaintiff avers that there is a casual connection between her engaging in protected activity and suffering the adverse action of an inferior performance evaluation.

19. As a direct result of Defendant's retaliatory conduct, Plaintiff has suffered emotional distress , anxiety, insomnia, loss of appetite, hair loss and has sustained

economic damages.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff prays that this Honorable Court should grant her the following relief, namely:

(i). That this Court determine the employment practices complained of in this complaint are unlawful in that they violated the Title VII and 1981.

(ii). That Defendant be enjoined from continuing any and all discriminatory practices;

(iii). That Defendant pay Plaintiff a sum in excess of $100,000 for compensatory damages, backpay, interests, emotional distress;

(iv). That Defendant pay Plaintiff's costs and expenses and reasonable attorney's fees as provided in Title VII and 1981 in connection with this action;

(v). That this Court grant other and such further relief to the Plaintiff as it deems just and proper.

                                    Respectfully submitted on behalf of Plaintiff:

August 16, 2007                    _____/s/_____
                                          Nathaniel D. Johnson (Federal #14729 MD)
                                          Richard L. Thompson (Federal #15980 MD)
                                          THE LAW FIRM OF NATHANIEL D. JOHNSON, L.L.C.
                                          3475 Leonardtown Road, Suite 200
                                          Waldorf, Maryland  20602
                                          301-645-9103
                                          301-893-6890 fax

**<u>Certificate of Service</u>**

I, Nathaniel D. Johnson, certify that on this date, August 31, 2007, the foregoing Amended Complaint and Order, were sent via, ECF, to the following addressee:

Michael Stevens, Esq.
ARENT FOX LLP
1050 Connecticut Avenue, N.W.
Washington, D.C. 20036

/S/: Nathaniel D. Johnson