IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

**BRIDGET POLLARD**
2717 Cabochon Diamond Court
Raleigh, NC 27610

    **Plaintiff,**

v.                                                    Civil No.07-662 (CKK)

**QUEST DIAGNOSTICS,**
1150 Varnum Street, N.E.
Washington, DC 20620

    **Defendant.**

## MOTION FOR ORDER TO SHOW CAUSE AND FOR CONTEMPT

**NOW COMES** Plaintiff, Bridget Pollard, by and through undersigned counsel and files this motion for an Order for Holy Cross Hospital (hereinafter, "Holy Cross"), Human Resources Department to show cause why it should not be held in Contempt of this Court for failing to respond to a subpoena duces tecum. In support of this motion, Plaintiff states herein as follows:

1. On January 11, 2008, Plaintiff served non-party, Linda Rough of Holy Cross Hospital with a subpoena duces tecum to produce the personnel file of Sean Townsend (see exhibit 1, that includes copy of subpoena, descriptive letter and proof of service[1]);

---

1 Plaintiff has included a copy of the subpoena that was sent to Holy Cross, and is unable to

2. On January 31, 2008, undersigned counsel contacted Liz Tutwiler, Attorney for Holy Cross Hospital and asked whether her office was in receipt of the federal subpoena;

3. Ms. Tutwiler acknowledged receipt of the subpoena, but stated that the subpoena "did not include a proper certificate of service."

4. Undersigned then forward Ms. Tutwiler a letter asking for Holy Cross' Hospital's intent in complying with the subpoena by producing the requested personnel file. The letter further stated that non-compliance would result in the filing of this motion (see exhibit 2);

5. On February 1, 2008, undersigned telephoned Ms. Tutwiler again and asked whether she intended to comply with the subpoena before the February 4th discovery deadline. Ms. Tutwiler indicated that she would provide the documents or file, "within a week to ten (10) days." Undersigned counsel then sent a second letter admonishing Ms. Tutwiler of the consequences of failing to timely comply with the subpoena (see exhibit 3);

6. This motion followed.

## ARGUMENT

Plaintiff is seeking personnel information of Mr. Sean Townsend in the custody and control of Holy Cross that is relevant to her claim of Failure to Promote because of her race (see Plaintiff's Complaint at Dkt No. 1). Plaintiff is

---

locate the copy of the actual version sent to the parties.

concerned that she will be significantly prejudiced if the information is not produced.

Federal Rule of Civil Procedure 45 governs both the issuance and compliance of subpoenas. In the instant action, Holy Cross's non-compliance with Plaintiff's subpoena entitles Plaintiff to an Order of this Court for contempt:

*The issuing court may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena. 45(e).*

Holy Cross cannot articulate any excuse for its non-compliance. Id. Even assuming, *arguendo*, that it had a basis for not producing the documents, it was required to file objections due to any overburden or undue expense related to the subpoena within 14 days' of receipt pursuant to F.R.C.P. 45 ( c ) (2) (B). See <u>Concord Boat Corp. v. Brunswick Corp</u>., 169 F.R.D. 44, 48 (S.D.N.Y.1996) (stating that failure to file written objections to subpoenas duces tecum within 14 days ordinarily results in waiver).

Accordingly, Plaintiff asks this Court to issue a Show Cause why Holy Cross should not be in Contempt for its failure to timely object or respond to Plaintiff's subpoena.

Respectfully submitted on behalf of Plaintiff:

February 4, 2008      _____/S/_____
                      Nathaniel D. Johnson (Federal #14729 MD)
                      Richard L. Thompson (Federal #15980 MD)
                      THE LAW FIRM OF NATHANIEL D. JOHNSON, L.L.C.
                      201 Centennial Street, Suite A-2
                      LaPlata, Maryland  20646

301-645-9103
301-861-0411 fax
**CERTIFICATE OF SERVICE**

I, Nathaniel D. Johnson, certify that on this date, February 4, 2008, the foregoing Motion for Show Cause and Order were sent to the following addressees:

Michael Stevens, Esq. (via ECF)

Liz Tutwiler, Esq. (via facsimile and mail)

Nathaniel D. Johnson: /S/

4

# United States District Court
# for the District of Columbia

**BRIDGET POLLARD**                                                                 **SUBPOENA IN A CIVIL CASE**

    **Plaintiff,**

      **v.**                                                                           **CASE NUMBER: 07-692 (CKK)**

**QUEST DIAGNOSTICS, INC.**

    **Defendant**

**Human Resources, Attention: Custodian of Records, Holy Cross Hospital**
**1500 Forest Glen Road Silver Spring, MD 20910**
YOU ARE COMMANDED to appear at the place, date, and time specified below to testify in the above case.
**See Attached.**

PLACE OF TESTIMONY                                                                 DATE AND TIME

YOU ARE COMMANDED to permit inspection of the following premises at the date and time specified below.

PREMISES                                                                           DATE AND TIME

Any organization not a party to this suit is subpoenaed for the taking of a deposition shall designate one or more officers, directors, or managing agents, or other persons who consent to testify on its behalf, and may set forth, for each person designated, the matters on which the person will testify. Federal Rules of Civil Procedure,30(b)(6).

ISSUING OFFICER SIGNATURE AND TITLE (INDICATE IF ATTORNEY FOR PLAINTIFF OR DEFENDANT)

DATE  January 10, 2008

ISSUING OFFICER'S NAME, ADDRESS, AND PHONE NUMBER
Nathaniel D. Johnson, Esq. 201 Centennial Street, Suite A-2 LaPlata, MD  20646  telephone 301 645-9103

**PROOF OF SERVICE**

PLACE SERVED:

MANNER OF SERVICE:

SERVED ON (PRINT NAME):

SERVED BY (PRINT NAME):

TITLE:

**DECLARATION OF SERVER**

   I declare under penalty of perjury under the laws of the United States of America that the foregoing information contained in the Proof of Service is true and correct.

Executed on:

Signature of Server:

Address of Server:

                    RULE 45, Federal Rules of Civil Procedure, Part C & D:
(c) PROTECTION OF PERSONS SUBJECT TO SUBPOENAS.
    (1) A party or an attorney responsible for the issuance and service of a subpoena shall take reasonable steps to avoid imposing undue burden or expense on a person subject to that subpoena. The court on behalf of which the subpoena was issued shall enforce this duty and impose upon the party or attorney in breach of this duty an appropriate sanction which may include, but is not limited to, lost earnings and reasonable attorney's fee.
    (2) (A) A person commanded to produce and permit Inspection and copying of designated books, papers, documents or tangible things, or inspection of premises need not appear in person at the place of production or inspection unless commanded to appear for deposition, hearing or trial.
      (B) Subject to paragraph (d) (2) of this rule, a person commanded to produce and permit inspection and copying may within 14 days after service of subpoena or before the time specified for compliance if such time is less than 14 days after service serve upon the party or attorney designated in the subpoena written objection to inspection or copying of any or all of the designated materials or of the premises. If objection is made, the party serving the subpoena shall not be entitled to inspect and copy materials or inspect the premises except pursuant to an order of the court by which the subpoena was issued. If objection has been made, the party serving the subpoena may, upon notice to the person commanded to produce, move at any time for an order to compel the production. Such an order to compel production shall protect any person who is not a pal1y or an officer of a party from significant expense resulting from the inspection and copying commanded.
(3) (A) On timely motion, the court by which a subpoena was issued shall quash or modify)' the subpoena if it
      (i) fails to allow reasonable time for compliance:
(ii) requires a person who is not a party or an officer of a party to travel to a place more than 100 miles from the place where that person resides, is employed or regularly transacts business in
person, except that, subject to the provisions of clause (c )(3) (B) (iii) of this rule, such a person may In order to attend trial be commanded to travel from any such place within the state in which the trial is held, or
        (iii) requires disclosure of privileged or other protected matter and no exception or waiver applies. Or
        (vi) subjects a person to undue burden.

(B) If a subpoena

(i) requires disclosure of a trade secret or other confidential research, development, or commercial information, or

(ii) requires disclosure of an un-retained expert's opinion or information not describing specific events or occurrences in dispute and resulting from the expert's study made not at the request of any party, or

(iii) requires a person who is not a party or an officer of a party to incur substantial expense to travel more than 100 miles to attend trial, the court may, to protect a person subject to or affected by the subpoena. quash or modify)' the subpoena, or, if the party in whose behalf the subpoena is issued shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship and assures that the person to whom the subpoena is addressed will be reasonably compensated, the' court may order appearance or production only upon specified conditions.

(d) DUTIES IN RESPONDING TO SUBPOENA

(1) A person responding to a subpoena to produce documents shall produce them as they are kept in the usual course of business or shall organize and label them to correspond with the categories in the demand.

(2) when information subject to a subpoena is withheld on a claim that it is privileged or subject to protection as trial preparation materials, the claim shall be made expressly and shall be supported by a description of the nature of the documents, communications, or things not produced that is sufficient to enable the demanding party to contest the claim.

THE LAW FIRM OF
**NATHANIEL D. JOHNSON, L.L.C.**
(MEMBER OF ALL MD COURTS & D.C. FEDERAL COURT)
201 CENTENNIAL STREET, SUITE #A-2
WALDORF, MARYLAND 20602
TEL. 301-645-9103 FAX. 301-893-6890

RICHARD L. THOMPSON, II
OF COUNSEL
ADMITTED IN
MD & D.C. BARS

January 10, 2008

*Via: Facsimile & First Class Mail*

Human Resources
Holy Cross Hospital
1500 Forest Glen Road
Silver Spring, MD
20910

Re: **Bridget Pollard v. Quest Diagnostics, LLC (Civil No. 07-662) Subpoena for Documents**

Dear Custodian of Records/Human Resources:

You are being served this federal subpoena in the above-captioned legal matter. I am respectfully requesting that you to produce any and all documents described as follows:

1. The complete personnel file of Sean Townsend to include, but is not limited to, any and all positions descriptions held, performance evaluations, documents, resumes', educational records, certifications and/or training.

2. Any and all documents contained in Mr. Townsend's file that are not referenced above.

Should you have any questions pertaining to this subpoena, I can be reached me directly at 301 645-9103. I will pay any and all costs associated with this request. Thank you for your attention to this matter.

Respectfully submitted,

Nathaniel D. Johnson

cc: Ms. Pollard, Michael Stevens, Esq.

ENCLOSURE

E-Mail Address: nathanielesquire@aol.com
WebSite: www.nathanieldjohnson.com

# CHANCELLOR & ASSOCIATES PROCESS SERVERS

POST OFFICE BOX 425, GREENBELT MD 20768
PHONE (301) 237-5452
CHANCEMANLEY@MSN.COM

---

**RECIPIENT:**

HOLY CROSS HOSPITAL
HUMAN RESOURCES DEPARTMENT
1500 FOREST GLEN ROAD
SILVER SPRING, MD 20910

**DOCUMENT(S) SERVED:**

SUBPOENA (ISSUED 1/10/2008)
ATTORNEY LETTER

**SERVICE ATTEMPTS**
DATE/TIME:

_____    _____

_____    _____

_____    _____

**SERVICE COMPLETED:** DATE: 1/11/08   TIME: 12:32 AM/**PM**

ACCEPTED BY: Linda Rough   TITLE/RELATIONSHIP: President's o/c

DESCRIPTION: SEX: F  RACE: W  HAIR: Brwn Golden  AGE: 54  HEIGHT: 5'7  WEIGHT: 140

MILITARY: YES / **NO**

ADDT'L DESCRIPTION: eye glasses

OTHER INFORMATION: Documents accepted by Admin office

---

| | |
|---|---|
| **CLIENT:** | NATHANIEL D. JOHNSON, ESQ.<br>3475 LEONARDTOWN ROAD, SUITE 200<br>WALDORF, MD 20602<br>(301) 645-9103 |
| **COURT:** | UNITED STATES DISTRICT COURT FOR THE DISTRICT OF COLUMBIA |
| **CASE #:** | 07-692 (CKK) |
| **PLAINTIFF:** | BRIDGET POLLARD |
| **DEFENDANT:** | QUEST DIAGNOSTICS, INC. |

I ACKNOWLEDGE RECEIPT OF THE LEGAL DOCUMENTS LISTED ABOVE. I FURTHER STATE I AM AUTHORIZED TO ACCEPT ALL LEGAL PROCESS ON BEHALF OF THE INTENDED RECIPIENT.

Linda P. Rough

3/754-7000

Sarah Schulman Esq.
7438
Seabrass 84 92

THE LAW FIRM
OF
NATHANIEL D. JOHNSON, L.L.C.

January 31, 2008

*Via: Facsimile & First Class Mail*

Liz Tutwiler, Attorney
c/o Holy Cross Hospital
1500 Forest Glen Road
Silver Spring, Maryland
20910

RE:    **Pollard v. Quest Diagnostic, Inc., Motion to Compel**

Dear Attorney Tutwiler:

This letter serves as an attempt to obtain personnel file of Sean Townsend in the custody and control of Holy Cross Hospital pursuant to the issuance of a federal subpoena. According to Richard Thompson, Esq., you contend that the subpoena served upon the custodian on January 11, 2008, failed to comply with the federal rules of civil procedure. Assuming, arguendo, that is your basis for refusing to comply with the subpoena, your client did not object within the applicable deadline.

Accordingly, in the event the Mr. Townsend's personnel documents are not available by noon tomorrow for pick up by courier, it is our intent to file a motion to compel against Holy Cross Hospital with the U.S. District Court for the District of Columbia seeking costs and fees.

Should you have any questions, I can be reached directly at 301 645-9103. Thank you for your attention to this matter.

Respectfully submitted,

Nathaniel D. Johnson

*"We Will Fight for Your Legal Rights!"*
E-Mail Address: nathanielesquire@aol.com

201 CENTENNIAL STREET
PO BOX 1857
SUITE A-2
301 645-9103  301 934-4366
301 861-0411  301 934-1668
LAPLATA, MARYLAND 20646

THE LAW FIRM
OF
NATHANIEL D. JOHNSON, L.L.C.

February 1, 2008

*Via: Facsimile & First Class Mail*

Liz Tutwiler, Attorney
c/o Holy Cross Hospital
1500 Forest Glen Road
Silver Spring, MD
20910

RE: **Pollard v. QDL, Telephone Call**

Dear Attorney Tutwiler:

This letter memorializes our telephone discussion moments ago in which you reiterated your refusal to comply with the federal subpoena and produce the personnel file of Sean Townsend before, "a week or ten days," before you rudely hung up the telephone.

Accordingly, a motion for contempt will be filed today with the Court in this matter.

Respectfully submitted,

Nathaniel D. Johnson

*"We Will Fight for Your Legal Rights!"*
E-Mail Address: nathanielesquire@aol.com

201 CENTENNIAL STREET
P.O. BOX 1857
SUITE A-2
301 645-9103/301 934-4366
301 861-0411/301 934-1668
LAPLATA, MARYLAND 20646

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| **BRIDGET POLLARD**<br>2717 Cabochon Diamond Court<br>Raleigh, NC 27610<br><br>    Plaintiff,<br><br>v.<br><br>**QUEST DIAGNOSTICS,**<br>1150 Varnum Street, N.E.<br>Washington, DC 20620<br><br>    Defendant. | Civil No.07-662 (CKK) |

## ORDER

**WHEREFORE**, Plaintiff has moved this Court for an Order for Show Cause why Holy Cross Hospital should not be held in Contempt of this Court, it is hereby ORDERED as follows:

Plaintiff's motion is hereby GRANTED, this _____day of February 2008;

Plaintiff's motion is hereby DENIED, this ____day of February 2008.

**SO SHALL IT BE ORDERED.**

_____
**Judge Kollar-Kottelly**

1