**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

_____
                                                    )
**BRIDGET POLLARD,**                    )
                                                    )
                     **Plaintiff,**            )
                                                    )
          **v.**                                    )          **Case No. 1: 07-00692(CKK)**
                                                    )
                                                    )
**QUEST DIAGNOSTICS,**              )
                                                    )
                     **Defendant.**         )
_____)

## DEFENDANT' S OPPOSITION TO PLAINTIFF'S MOTION FOR ORDER TO SHOW CAUSE AND FOR CONTEMPT

Defendant Quest Diagnostics ("Quest") by and through counsel, respectfully submits this Opposition to Plaintiff's Motion for Order to Show Cause and for Contempt on grounds that Plaintiff violated the Federal Rules of Civil Procedure by failing to provide Quest with notice of her third-party subpoena, which is the subject of the Motion. Additionally, the subpoena seeks irrelevant and confidential documents and is untimely. As discussed in detail below, Plaintiff's Motion should be denied.

1

I.     **Background**

On April 16, 2007,  Plaintiff Bridget Pollard filed her original Complaint with this Court, asserting race discrimination and retaliation claims under both Title VII of the 1964 Civil Rights Act, 42 U.S.C. § 2000e, *et seq*. (2008), and Section 1981, 42 U.S.C. § 1981 (2008).  Specifically, in her race discrimination claim, Plaintiff contends that Quest discriminatorily denied her a Lab Project Manager position by offering the position to Sean Townsend, allegedly a less qualified white applicant.  Plaintiff contends that Quest selected Mr. Townsend based upon alleged false information on his resume regarding his prior work experience at Holy Cross Hospital ("Holy Cross").

On January 11, 2008, Plaintiff served non-party Holy Cross with a subpoena *duces tecum* (the "Subpoena").  This Subpoena seeks Mr. Townsend's complete personnel file.  Holy Cross allegedly has failed to comply with the Subpoena and thus Plaintiff has filed this Motion.

As is discussed more fully below, Plaintiff's Motion should be denied for several reasons: First, Plaintiff did not provide Quest with notice of the Subpoena before serving it upon Holy Cross, as required by the Federal Rules of Civil Procedure.  Indeed, Quest only became aware of the Subpoena when its counsel received a letter to Holy Cross dated January 31, 2008 (*see* Ex. 2 to Pl.'s Mot.) *immediately before* Plaintiff filed the instant Motion.  Therefore, Quest did have an opportunity to properly object to the Subpoena and thus has been prejudiced.

Second, in a desperate attempt to salvage her failing claims, Plaintiff's Subpoena impermissibly seeks irrelevant and confidential documents--Mr. Townsend's complete personnel file.

Third, as Plaintiff delayed serving the Subpoena until after the close of the initial discovery deadline and during a limited phase of discovery, Plaintiff's Subpoena is untimely.

Accordingly, Quest respectfully submits that after reviewing both Plaintiff's Motion and the record in this case, it will be abundantly clear that Plaintiff's Motion should be denied.

**II.**     **Argument**

**A.**     **Plaintiff Failed to Provide Quest Prior Notice of the Subpoena as Required by Rule 45 of the Federal Rules of Civil Procedure**

Rule 45(b) of the Federal Rules of Civil Procedure mandate that each party receive notice *before* a subpoena for production of documents is served.  *See* Fed. R. Civ. P. 45(b) (emphasis added).   The purpose of the notice requirement is to "provide opposing counsel an opportunity to object to the subpoena."  *See Allender v. Raytheon Aircraft Co*., 220 F.R.D. 661, 664 (D. Kan. 2004) (citing *Biocore Med. Techs. v. Khoskowshahi*, 181 F.R.D. 600 (D. Kan. 1998)).

Plaintiff utterly failed to comply with Rule 45(b).  In fact, Quest was unaware of the Subpoena until immediately before Plaintiff filed the instant Motion, when Quest's counsel received a copy of Plaintiff's counsel's January 31, 2008 letter to Holy Cross

3

(*see* Exhibit 2 to Pl.'s Mot.).[1]  After now having had the opportunity to review the Subpoena, Quest finds it objectionable on the grounds of lack of relevance and untimliness. Had Quest been given the opportunity, it would have properly raised its objections promptly after the Subpoena was served.  Clearly, it is wholly inappropriate for Plaintiff to request a Show Cause and Contempt Order while essentially simultaneously providing Quest notice of the Subpoena.  As Quest has been greatly prejudiced by Plaintiff's violation of Rule 45(b), the Court should quash the Subpoena or at a minimum, impose sanctions upon Plaintiff's counsel.  *See Schweizer v. Mulvehill*, 93 F. Supp. 2d 376, 411 (S.D.N.Y. 2000) (noting that quashing of subpoena is appropriate where party violated Rule 45(b)); *Allender*, 220 F.R.D. at 666-67 (imposing Rule 26 sanctions for defendant's failure to follow Rule 45(b)).

### B.    The Subpoena Impermissibly Seeks Irrelevant and Confidential  Documents.

As stated above, Plaintiff contends that Quest selected Mr. Townsend for the Lab Project Manager position based allegedly upon false information regarding his prior work experience.  *See* Ex. 1 ("Pollard Dep.") 113:15-17-114:1-4. Plaintiff, therefore, argues that Mr. Townsend's personnel file will reveal that he was not in fact more qualified and thus is relevant to her claim.  Plaintiff's argument lacks merit.  Based upon Plaintiff's

---

1 Ex. 1 of Pl.'s Mot. purportedly shows that Quest's counsel was copied on the letter to Holy Cross' Custodian of Records, requesting Mr. Townsend's personnel file.  However, Quest's counsel never received a copy of this letter.

own testimony, it is clear that both Mr. Townsend's personnel file is immaterial to this action and Plaintiff lacks any credible basis for seeking such information.

To prevail on her discrimination claim, Plaintiff must ultimately prove that Quest knowingly hired a less qualified applicant based upon race. Therefore, absent proof that Quest knew that Mr. Townsend misrepresented his qualifications, which rendered him less qualified, Plaintiff simply cannot advance her claim under this theory. Indeed, Plaintiff specifically testified that there is no evidence that Quest knew that Mr. Townsend's resume allegedly contained false information. *See* Pollard Dep. at 118:3-6. Accordingly, Quest hired Mr. Townsend based upon its *good faith belief* that he was more qualified and thus should not be held liable even if Mr. Townsend misrepresented himself. Clearly, Title VII does not impose liability under such circumstances.

Under these facts, whether Mr. Townsend's resume actually contained false information is both immaterial and irrelevant to Plaintiff's claim. *See Stock v. Integrated Health Plan, Inc.*, 241 F.R.D. 618, 624 (S.D. Ill. 2007) (quashing subpoena seeking information which was irrelevant to Plaintiff's claims). Alternatively, Plaintiff must prove---which she cannot---that she was more qualified than Mr. Townsend based upon his stated qualifications and experience.

Plaintiff has never met Mr. Townsend and therefore she lacks any personal knowledge regarding his qualifications and experience. Instead, she solely relies upon information she allegedly received from another employee, Mr. Tsehay. *See* Pollard Dep. at 115:9-14. Plaintiff, however, admitted that she cannot confirm whether Mr. Tsehay in

5

fact has any knowledge of Mr. Townsend's role at Holy Cross. *See* Pollard Dep. at 117:16-18.

Additionally, Plaintiff has not articulated any justification for requesting Mr. Townsend's *entire* personnel file. Even assuming that certain documents contained in Mr. Townsend's personnel file were relevant--which they are not--Plaintiff should have narrowly tailored her request to seek specific documents such as his job description or performance evaluations. Plaintiff's broad request would necessarily include highly confidential documents such as his medical records which are certainly irrelevant to this action. *See Ligas v. Maram*, No. 05 C 4331, 2007 WL 2316940, * at 4 (N.D. Ill. Aug. 10, 2007) (finding that subpoena was unenforceable as written where party broadly sought vast array of documents without articulating why all documents were relevant).

As Plaintiff lacks any justification for seeking irrelevant and confidential documents, the Court should deny Plaintiff's motion.

**C.     The Subpoena Is Untimely and Therefore Inappropriate.**

Plaintiff's Motion should also be denied because the Subpoena is untimely.

The initial deadline for completion of discovery was January 4, 2008. *See* Ex. 2 (8/6/07 Order). However, in response to Plaintiff's Second Motion to Enlarge Deadlines, the Court extended discovery, until February 4, 2008, *for the limited purpose of allowing Plaintiff to conduct additional depositions. See* Ex. 3 (12/31/07 Order) (emphasis added). Plaintiff, however, inexplicably served Holy Cross with the Subpoena

6

during this limited discovery phase.  The Subpoena, therefore, is untimely.  Thus, Plaintiff's Motion should be denied.

### III.    <u>Conclusion</u>

As stated above, Plaintiff's Motion should be denied on the grounds that it was never properly served upon Quest, it seeks irrelevant and confidential documents, and is untimely. Accordingly, the Court should deny Plaintiff's Motion, and award Defendant its reasonable attorneys' fees and costs and such further relief as the Court may deem proper.

Respectfully submitted,


_____/s/ Michael L. Stevens_____
Michael L. Stevens D.C.  Bar No. 384887
Arent Fox LLP
1050 Connecticut Avenue, N.W.
Washington, D.C.  20036-5339
(202) 857-6000
Dated:  February 11, 2008            Counsel for Defendant

7

**CERTIFICATE OF SERVICE**

I hereby certify that on this 11th day of February, 2008, a copy of the foregoing

Defendant's Opposition to Plaintiff's Motion for Order to Show Cause and for Contempt

was filed electronically.  Notice of this filing will be sent to all parties by operation of the

Court's electronic filing system and copies will be mailed via U.S. mail, postage prepaid

to all parties who are not served via the Court's electronic filing system.


_____/s/_____
    Michael L. Stevens

8

# EXHIBIT 1

113

1    please?                                           11:12:53

2         A.    This is the résumé of Sean Townsend.   11:12:53

3         Q.    And is it your understanding that this 11:13:00

4    is the résumé he submitted for the project manager 11:13:02

5    position that you also applied for?                11:13:06

6         A.    Yes.                                    11:13:08

7         Q.    Did you note that his résumé is four    11:13:09

8    pages long?                                        11:13:13

9         A.    Yes.  Well, actually, the details are   11:13:14

10   only two pages.  The references --                 11:13:18

11        Q.    Are two pages.                          11:13:21

12             So the total document is four pages; is  11:13:23

13   that correct?                                      11:13:26

14        A.    Yes.                                    11:13:27

15        Q.    Do you have any reason to believe that  11:13:28

16   any information on his résumé is false?            11:13:31

17        A.    Yes.                                    11:13:34

18        Q.    Which information?                      11:13:34

19        A.    At the time of the position being      11:13:45

20   posted, he was not currently enrolled in a         11:13:49

21   master's of science information systems program.   11:13:54

22             "2004 to present, responsible for       11:14:08

VIDEOTAPED DEPOSITION OF BRIDGET ROLLINS
CONDUCTED ON FRIDAY, DECEMBER 21, 2007

114

| | | |
|---|---|---|
| 1 | interfacing all laboratory instruments with the | 11:14:11 |
| 2 | new LIS SoftLab." | 11:14:16 |
| 3 |     Q.    That's false, too? | 11:14:21 |
| 4 |     A.    I believe that to be false. | 11:14:23 |
| 5 |     Q.    Okay.  Anything else you believe to be | 11:14:25 |
| 6 | false? | 11:14:28 |
| 7 |     A.    No. | 11:14:35 |
| 8 |     Q.    Now, how do you know that it's false | 11:14:38 |
| 9 | that at the time he submitted this résumé that he | 11:14:41 |
| 10 | was currently enrolled in the master's of science | 11:14:46 |
| 11 | information systems program? | 11:14:51 |
| 12 |     A.    I believe it was in the EEOC meeting | 11:14:52 |
| 13 | that Mr. Knapp indicated that he had enrolled in | 11:14:56 |
| 14 | this program in September. | 11:15:04 |
| 15 |     Q.    Of what year? | 11:15:07 |
| 16 |     A.    Of 2005. | 11:15:09 |
| 17 |     Q.    Okay.  Do you have any information | 11:15:11 |
| 18 | beyond what you say Mr. Knapp said to suggest that | 11:15:19 |
| 19 | that statement that he was currently enrolled in | 11:15:25 |
| 20 | the program is incorrect? | 11:15:28 |
| 21 |     A.    No. | 11:15:29 |
| 22 |     Q.    By the way, Ms. Kopley did not have a | 11:15:32 |

VIDEOTAPED DEPOSITION OF BRIDGET LILLARD
CONDUCTED ON FRIDAY, DECEMBER 21, 2007

115

| | | |
|---|---|---|
| 1 | degree in information systems, did she? | 11:15:39 |
| 2 | A. No. And I don't think that was | 11:15:42 |
| 3 | required on the job description. | 11:15:43 |
| 4 | Q. Okay. Now, you also said that on | 11:15:45 |
| 5 | the -- under "Work History," that you believe it's | 11:16:00 |
| 6 | false that from 2004 to present he was responsible | 11:16:04 |
| 7 | for interfacing all laboratory instruments with | 11:16:07 |
| 8 | the new LIS. | 11:16:12 |
| 9 | What evidence do you have that that's | 11:16:15 |
| 10 | false? | 11:16:17 |
| 11 | A. Mr. Tsehay also works at Holy Cross, | 11:16:18 |
| 12 | and I believe he is the one that informed me that | 11:16:24 |
| 13 | that was not his position with the new SoftLab | 11:16:28 |
| 14 | system. | 11:16:31 |
| 15 | Q. Okay. When did Mr. Tsehay inform you | 11:16:32 |
| 16 | of that? | 11:16:34 |
| 17 | A. I believe after Mr. Townsend -- I found | 11:16:37 |
| 18 | out after he was hired. | 11:16:44 |
| 19 | Q. So Mr. Tsehay told you that after | 11:16:47 |
| 20 | Mr. Townsend was hired? | 11:16:49 |
| 21 | A. Yes. | 11:16:51 |
| 22 | Q. And how did he tell that to you? | 11:16:51 |

117

| | | |
|---|---|---|
| 1 | Q. What -- What position did Mr. Tsehay | 11:18:00 |
| 2 | hold at Holy Cross Hospital? | 11:18:04 |
| 3 | A. He was the assistant lab supervisor. | 11:18:07 |
| 4 | Q. So he was -- he worked at both Holy | 11:18:11 |
| 5 | Cross and Providence? | 11:18:15 |
| 6 | A. Yes. | 11:18:17 |
| 7 | Q. And do you know what level of | 11:18:19 |
| 8 | interaction he had with Mr. Townsend? | 11:18:21 |
| 9 | A. No, I don't. | 11:18:24 |
| 10 | Q. Do you know for a fact whether | 11:18:29 |
| 11 | Mr. Tsehay had personal knowledge as to whether | 11:18:30 |
| 12 | Mr. Townsend did what he said with respect to | 11:18:33 |
| 13 | interfacing all laboratory instruments with the | 11:18:36 |
| 14 | new LIS? | 11:18:40 |
| 15 | A. I believe he would. | 11:18:41 |
| 16 | Q. But do you have any personal knowledge | 11:18:42 |
| 17 | to that effect? | 11:18:44 |
| 18 | A. No, I don't. | 11:18:45 |
| 19 | Q. Do you know if Mr. Vandenburg or | 11:18:48 |
| 20 | Mr. Leap or anyone in the Human Resources | 11:18:56 |
| 21 | Department at Quest knew that any information on | 11:19:01 |
| 22 | Mr. Townsend's résumé was false at the time they | 11:19:07 |

CONDUCTED ON FRIDAY, DECEMBER 21, 2007

118

| | | |
|---|---|---|
| 1 | made the offer? | 11:19:11 |
| 2 | A.    No, I don't know. | 11:19:12 |
| 3 | Q.    You don't have any evidence that they | 11:19:13 |
| 4 | knew that there was any false information on this | 11:19:15 |
| 5 | application, do you? | 11:19:18 |
| 6 | A.    No, I don't have any evidence. | 11:19:19 |
| 7 | Q.    If it was true that from 2004 to | 11:19:30 |
| 8 | present Mr. Townsend was responsible for | 11:19:36 |
| 9 | interfacing all laboratory instruments with the | 11:19:40 |
| 10 | new LIS and for building the respiratory and | 11:19:43 |
| 11 | point-of-care components for SoftLab, that would | 11:19:47 |
| 12 | have made him more qualified for the position than | 11:19:51 |
| 13 | you were -- | 11:19:54 |
| 14 | MR. JOHNSON:  Objection. | 11:19:54 |
| 15 | Q.    -- wouldn't it have? | 11:19:54 |
| 16 | MR. JOHNSON:  Objection.  Sorry. | 11:19:56 |
| 17 | THE WITNESS:  Yeah, that would have | 11:19:58 |
| 18 | gave him some more experience. | 11:19:59 |
| 19 | BY MR. STEVENS: | 11:20:00 |
| 20 | Q.    That would have made him more qualified | 11:20:00 |
| 21 | than you; isn't that correct? | 11:20:03 |
| 22 | MR. JOHNSON:  Same objection. | 11:20:04 |

# EXHIBIT 2

## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

| | | | |
|---|---|---|---|
| **BRIDGET POLLARD** | : | | |
| | : | | |
| Plaintiff, | : | | |
| | : | | |
| v. | : | Civil Action No. | **07cv0692** |
| | : | | |
| **QUEST DIAGNOSTICS** | : | | |
| | : | | |
| Defendant. | : | | |

## SCHEDULING AND PROCEDURES ORDER[1]

## (JUDGE KOLLAR-KOTELLY)

In order to administer the above-captioned civil case in a manner fair to the litigants and consistent with the parties' interest in completing this litigation in the shortest possible time and at the least possible cost,

it is this _6_ day of August, 2007,

**ORDERED** that counsel for the plaintiff and the defendant are directed to comply with each of the following directives: [2]

(1)     **COMMUNICATIONS WITH THE COURT:**

Counsel should endeavor to keep communications with chambers to a minimum. Counsel are advised that chambers staff **cannot** provide legal advice of any kind.

---

[1]     Revised on October 26, 2006.

[2]     The court will hold counsel responsible for following the directives set forth in this order. Failure to conform to this order's directives may result, when appropriate, in the imposition of sanctions.

*Ex parte* communications on matters other than scheduling matters are prohibited. If counsel need to contact chambers, it should be done jointly pursuant to a telephone conference call arranged by the parties.

(2)    **MOTIONS FOR EXTENSIONS OF TIME**:[3]

Motions for extensions of time are strongly discouraged. Parties should not expect the court to grant extensions, as they will be granted only in truly exceptional or compelling circumstances. The parties are referred to *Jackson v. Finnegan, Henderson, Farabow, Garrett & Dunner, et. al.*, 101 F.3d 145 (D.C. Cir. 1996). Motions for extension of time shall be filed at least **four** business days prior to the deadline the motion is seeking to extend. All motions for extensions **must** include the following (otherwise they will not be considered by the court):

   (a)    how many, if any, previous extensions of time the court has granted to each party;

   (b)    the specific grounds for the motion;

   (c)    a statement of the effect that the court's granting of the motion will have on all other previously set deadlines;

   (d)    in cases where the motion seeks to extend the deadline for a dispositive motion, a suggested deadline for the filing of the opposition and reply;[4] and, lastly,

   (e)    pursuant to Local Rule LCvR 7(m) (formerly LCvR 7.1(m)), the moving party shall include a statement of opposing counsel's position vis-a-vis the motion.

---

[3]    The court will not entertain stipulations concerning extensions of time. Parties must file a motion when seeking an extension.

[4]    The deadline for the opposition should be suggested after consulting with opposing counsel.

2

Case 1:07-cv-00692-CKK    Document 7    Filed 08/06/2007    Page 3 of 7

(3)  **PLEADINGS:**

    (a)  Every pleading shall indicate, immediately below the Civil Action No. in the caption, the next-scheduled Court deadline, such as a status conference, or pre-trial conference, or trial date.

    (b)  Every pleading signed by an attorney or *pro se* party shall, in conformity with Local Rule LCvR 5.1(e), contain the name, address, telephone number, and for an attorney the bar identification number.

    (c)  Counsel shall provide Chambers (NOT the Clerk's Office), with a printed courtesy copy of any electronic submission that is over twenty-five (25) pages in total length, or that includes more than one exhibit and/or any exhibits more than ten (10) pages in length.  Any exhibits shall be appropriately tabbed for ease of reference.

(4)  **DISCOVERY DISPUTES:**

    Counsel are referred to Local Rule LCvR 26.2 and expected to fully conform with its directives.  Moreover, counsel are required, under both Federal Rule of Civil Procedure 26(f) and Local Rule LCvR 7.1(m), to confer in good faith in an effort to resolve any discovery dispute before bringing it to the court's attention.  If, in what should be the unusual case, counsel are unable to resolve their dispute, counsel shall contact chambers in order to arrange for a telephone conference with the court.  **Counsel shall not file a discovery motion without prior consultation with opposing counsel.**  Counsel are advised that if the court is called upon to resolve such a motion, the losing **attorney** (not the principal) will be sanctioned pursuant to Fed. R. Civ. P. 37(a)(4).

(5)  **DEPOSITION GUIDELINES:**

    Counsel will adhere to the following guidelines when taking a deposition:

(a)    Counsel for the deponent shall refrain from gratuitous comments and from directing the deponent as to times, dates, documents, testimony, and the like;

(b)    Counsel shall refrain from cuing the deponent by objecting in any manner other than stating an objection for the record followed by a word or two describing the legal basis for the objection;

(c)    Counsel shall refrain from directing the deponent not to answer any question except for reasons which conform to Fed. R. Civ. P. 30(d)(1);

(d)    Counsel shall refrain from engaging in dialogue on the record during the course of the deposition;

(e)    If counsel for any party or person given notice of the deposition believes that these conditions are not being adhered to, that counsel may call for suspension of the deposition and then immediately apply to the court for a ruling and remedy. When appropriate, the court will impose sanctions;

(f)    All counsel are to conduct themselves in a civil, polite, and professional manner. The court will not countenance incivility or other behavior during the deposition demonstrating that the examination is being conducted in bad faith or to simply annoy, embarrass, or oppress the deponent; and

(g)    In accordance with an amendment to Federal Rule of Civil Procedure 30(d)(2), effective December 1, 2000, no deposition may last more than seven hours (exclusive of breaks), except by leave of the court or stipulation of the parties.

(6)    **SUMMARY JUDGMENT:**

The parties shall comply **fully** with Local Rule LCvR 7(h) (formerly 7.1(h)) and 56.1. The Court strictly adheres to the dictates of Local Civil Rules 7(h) and 56.1 and may strike pleadings not in conformity with these rules. *See Burke v. Gould*, 286 F.3d 513, 519 (D.C. Cir. 2002).

A party responding to a statement of material facts must respond to each paragraph with a correspondingly numbered paragraph, indicating whether that paragraph is admitted or denied. The responding party should include any information relevant to its response in that paragraph. If the responding party has additional facts that are not addressed in the corresponding paragraphs, the responding party should include these at the end of its responsive statement of facts. At all points, parties must furnish precise citations to the portions of the record on which they rely.

Additionally, each submission must be accompanied by a table of cases and other authority cited therein. The parties are strongly encouraged to carefully review *Jackson v. Finnegan, Henderson, Farabow, Garrett & Dunner, et. al.*, 101 F.3d 145 (D.C. Cir. 1996), on the subject of Local Rule LCvR 7, formerly Rule 108(h) (which is the same as rule 56.1). The Court assumes facts identified by the moving party in its statement of material facts are admitted, unless such a fact is controverted in the statement of genuine issues filed in opposition to the motion. LCvR 7(h), 56.1.


(7)    **SETTLEMENT**:

Counsel are expected to evaluate their respective cases for the purpose of settlement. The court encourages the use of alternative dispute resolution, e.g., mediation or neutral case evaluation. The use of these methods is available at any time, as is a settlement conference before a magistrate judge. If counsel are interested in pursuing these options, they may contact chambers at any time. If the case settles in whole or in part, plaintiff's counsel shall promptly advise the court.


(8)    **MOTIONS FOR RECONSIDERATION**:

"Motions for Reconsideration" of a prior court ruling are strongly discouraged. Such motions shall be filed only when the requirements of Fed. R. Civ. P. 59(e) and/or 60(b) are met. If one is filed, it shall not exceed **ten** pages in length. Moreover, the court will not entertain: (a) motions which simply reassert arguments previously raised and rejected by the court; and (b) arguments which should have been previously raised, but are being

5

raised for the first time in the "Motion for Reconsideration." *See, e.g., National Trust v. Department of State*, 834 F. Supp. 453, 455 (D.D.C. 1995).

(9)    **STATUS CONFERENCE:**

Counsel must be prepared at the status conference to advise the Court of the expected length of trial and of the number of fact and expert witnesses that each party will present. Trial counsel themselves must appear at all hearings, unless excused by the Court in advance of the hearing date.

It is **FURTHER ORDERED** that:

1.    **Motions to Amend pleadings and/or to join additional parties** shall be due on or before _____ 8/31/07 _____;

with Oppositions due on or before _____ 10 days later _____;

and Replies, if any, due on or before _____ 5 days later _____.

2.    Proponent's Rule 26(a)(2)(B) statement shall be due on or before _____ Nov. 16, 2007 _____

3.    Opponent's Rule 26(a)(2)(B) statement shall be due on or before _____ Dec 7, 2007 _____

4.    **Within 10 days of this Order**, the parties are to complete a **discovery plan**, including, but not limited to, precise dates for depositions and the exchange of written discovery. It shall be docketed as "**Status Report as to Discovery Plan.**"

5.    **All discovery will be completed on** or before _____ Jan. 4, 2008 _____.

6.    Each party is limited to a maximum of 10 depositions and 25 interrogatories.

7.    This case shall be referred to Magistrate Judge ___ Kay ___ for mediation to commence ___ Nov. 1, 2007 ___ and conclude by ___ Jan. 25, 2008 ___. Counsel, parties, and persons with settlement authority are directed to attend the mediation sessions. If referred for Court ordered ADR, the Clerk of the Court is directed to furnish a copy of this Order to the Circuit Executive for the purpose of assigning a mediator.

6

8. **Dispositive motions** are due on or before _____ *seD at status* _____;

with oppositions due on or before _____;

and Replies, if any, due on or before _____.

9. **A Status Hearing is hereby set for** _Jan. 25, 2008_ at _9:00 AM_.

10. **A Final Status Conference/Motions Hearing/Settlement Conference** is hereby

set for _____ *N/A* _____ at _____.

**Dates for the pretrial conference, motions *in limine, voir dire* and trial will be set at
the final status hearing, if necessary. The Above Scheduled Dates Are Firm.
SO ORDERED.**

_8/6/07_
/ Date

_____
**COLLEEN KOLLAR-KOTELLY**
United States District Judge

7

# EXHIBIT 3

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

BRIDGET POLLARD,

    Plaintiff,

      v.

QUEST DIAGNOSTICS, INC.,

    Defendant.

Civil Action No. 07-692 (CKK)

**ORDER**
(December 31, 2007)

On December 28, 2007, Plaintiff filed an Unopposed Motion to Enlarge Deadlines, which

the Court denied without prejudice the same day because it did not indicate why discovery would

not be completed within the current deadline of January 4, 2008, or how the parties proposed to

complete discovery within the period of extension they sought. Plaintiff has now filed a Second

Unopposed Motion to Enlarge Deadlines, in which she sets forth the depositions that she would

take within the period of extension, and requests an extension of the referral of this case to

Magistrate Judge Alan Kay for mediation. The Court notes that, while Plaintiff's motion is

unopposed, Plaintiff does not appear to have coordinated with defense counsel regarding the

dates on which she plans to schedule her additional depositions.

Accordingly, it is, this 31st day of December, 2007, hereby

**ORDERED** [16] Plaintiff's Second Unopposed Motion to Enlarge Deadlines is

GRANTED. However, there will be NO FURTHER EXTENSIONS granted in this matter.

Accordingly, Plaintiff's counsel is expected to coordinate with defense counsel forthwith

regarding the availability of deponents, and to schedule the remaining depositions so that

discovery is completed within the extension period; it is further

ORDERED that discovery in this action shall be completed on or before February 4,

2008; it is further

ORDERED that the referral of this case to Magistrate Judge Alan Kay for mediation is

hereby extended indefinitely; it is further

ORDERED that the Status Conference in this case previously scheduled for January 25,

2008 at 9:00 a.m. is VACATED. A Status Conference shall be held in this matter on Friday,

March 7, 2008 at 9:30 a.m. The parties' proposed Status Conference date of February 29, 2008

conflicts with the Court's trial schedule.

SO ORDERED.

_____/s/_____
COLLEEN KOLLAR-KOTELLY
United States District Judge

## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

_____
                                                    )
**BRIDGET POLLARD,**                                )
                                                    )
        **Plaintiff,**                     )
                                                    )
      **v.**                                  )        **Case No. 1: 07-00692(CKK)**
                                                    )
                                                    )
**QUEST DIAGNOSTICS,**                              )
        **Defendant.**                    )
_____)

## <u>ORDER</u>

    **UPON CONSIDERATION** of Plaintiff's Motion for Order to Show Cause and

for Contempt and the opposition thereto and the arguments of the parties, it is this

day of _____, 2008, hereby

    **ORDERED,** that the Motion is denied.


_____
Honorable Colleen Kollar-Kotelly
United States District Judge

1