UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| BRIDGET POLLARD,<br><br>　　Plaintiff,<br><br>　　v.<br><br>QUEST DIAGNOSTICS, INC.,<br><br>　　Defendant. | Civil Action No. 07-692 (CKK) |

**ORDER**
(March 6, 2008)

Plaintiff filed her Complaint in this action on April 16, 2007 pursuant to Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e *et seq.*, and 42 U.S.C. § 1981. Count I of Plaintiff's original Complaint asserted a claim of disparate treatment discrimination relating to her non-selection for a position; Count II asserted that her employer gave her an inferior performance evaluation in retaliation for her filing of an EEO charge of discrimination relating to her non-selection; Count III asserted that her employer also retaliated against her by terminating her after she filed her EEO charge of discrimination. On August 6, 2007, the Court held an Initial Scheduling Conference in this matter and entered a Scheduling and Procedures Order giving the parties until August 31, 2007 to file any amended pleadings, and through January 4, 2008 to complete discovery. *See* Scheduling and Procedures Order, Docket No. [7]. On August 31, 2007, Plaintiff filed an unopposed motion to amend her complaint to cure some non-substantive deficiencies and to withdraw Count III of her original Complaint. The Court granted Plaintiff's motion to amend on September 7, 2007.

On December 28, 2007, Plaintiff filed an Unopposed Motion to Enlarge Deadlines, which

the Court denied without prejudice the same day because it did not indicate why discovery would not be completed within the Court-ordered deadline.  Plaintiff subsequently filed a Second Unopposed Motion to Enlarge Deadlines, which the Court granted on December 31, 2007.  The Court's December 31, 2007 Order extended the deadline for discovery through February 4, 2008, and specifically advised the parties that there would be "NO FURTHER EXTENSIONS granted in this matter."  *See* Order, Docket No. [17].

On January 23, 2008–almost five months after the deadline for filing amended pleadings, and a month after Plaintiff requested an extension to complete discovery–Plaintiff filed a Motion for Leave to File a Second Amended Complaint.  Plaintiff proposes to amend her retaliation claim to allege: (1) that her employer retaliated against her for complaining of discrimination to management, in addition to retaliating against her for her EEO charge of discrimination; and (2) that her employer retaliated against her by failing to assign her work on weekends and vacations after she relocated to North Carolina.

Pursuant to Federal Rule of Civil Procedure 15(a), a party may amend its pleading once as a matter of course prior to being served with a responsive pleading.  Fed. R. Civ. P. 15(a).  Thereafter, "a party may amend its pleading only with the opposing party's written consent or the court's leave," and "[t]he court should freely give leave when justice so requires."  *Id.*; *Foman v. Davis*, 371 U.S. 178, 182 (1962).  Although the Court must heed Rule 15's mandate, the grant or denial of leave to amend is committed to the sound discretion of the district court.  *See Firestone v. Firestone*, 76 F.3d 1205, 1208 (D.C. Cir. 1996).  Even still, "it is an abuse of discretion to deny leave to amend unless there is sufficient reason, such as 'undue delay, bad faith or dilatory motive . . . repeated failure to cure deficiencies by [previous] amendments . . . [or] futility of amendment.'"  *Firestone*, 76 F.3d at 1208 (quoting *Foman*, 371 U.S. at 182); *see also Caribbean*

*Broad. Sys., Ltd. v. Cable & Wireless PLC*, 148 F.3d 1080, 1084 (D.C. Cir. 1998). Moreover, because "'Rule 15(a) does not prescribe any time limit within which a party may apply to the court for leave to amend . . . . In most cases[,] delay alone is not a sufficient reason for denying leave . . . . If no prejudice [to the non-moving party] is found, the amendment will be allowed.'" *Caribbean Broad. Sys.*, 148 F.3d at 1084 (quoting 6 Charles Alan Wright, Arthur R. Miller & Mary Kay Kane, Federal Practice & Procedure: Civil 2d § 1488, at 652, 659, 662-69 (1990 & Supp. 1997)).

    Despite these standards, the Court concludes that Defendant correctly argues that there are multiple reasons for denying Plaintiff leave to amend her complaint at this late date. First, Plaintiff's motion for leave to file states simply that "[d]uring discovery, it was adduced that Plaintiff was retaliated against as she was not given assignments for weekends and vacations, essentially forcing Plaintiff to resign from her employment." Pl.'s Mot. at 2. Defendant's Opposition questions Plaintiff's assertion, noting that Plaintiff must have been aware that she was not assigned weekend and vacation work at the relevant time, and that Plaintiff testified during her deposition that she did not receive assignments from her former employer after June 2006 (ten months before she filed her initial complaint in this action). Def.'s Opp'n at 5 (citing Def.'s Ex. C (Pl.'s Dep.) at 37:17-19). Plaintiff has not filed a Reply to Defendant's Opposition, and thus has not responded to Defendant's claim of undue delay. In particular, Plaintiff has failed to identify *what* she allegedly adduced during discovery that led her to believe she had additional grounds for her retaliation claim, or *when* during discovery she came to this conclusion. Plaintiff certainly has not demonstrated that she adduced the information giving rise to her additional allegations *after* she moved for an extension of the discovery period and the

Case 1:07-cv-00692-CKK    Document 23    Filed 03/06/2008    Page 4 of 5

Court warned her that there would be NO FURTHER EXTENSIONS in this matter.[1] In light of Plaintiff's failure, the Court has no record on which to conclude that Plaintiff's tardiness in attempting to amend her complaint is due to anything other than undue delay.

Furthermore, while Plaintiff asserts that she "does not believe Defendant will be prejudiced in the event this Court grants [her] motion," Pl.'s Mot. at 2, Defendant forcefully argues that it would be unfairly prejudiced if Plaintiff were allowed to amend her complaint at this late date. Discovery in this matter closed on February 4, 2008. Plaintiff herself recognizes that the claims she seeks to add to her complaint would require additional discovery, stating that she "offered to be made available for any subsequent deposition related to the retaliation issues." Pl.'s Mot. at 2. However, Plaintiff offers no reason for concluding that discovery as to the additional claims she seeks to add would, or should, be limited to her own deposition. To the contrary, as Defendant stresses, if Plaintiff were allowed to amend her complaint to add additional claims, "Defendant would have to ask the Court to reopen discovery on this issues" because "it would be unfair and prejudicial if Defendant was not allowed to take full discovery on these new allegations." Def.'s Opp'n at 3. Further discovery would, of necessity, lead Defendant to "incur additional expenses for allegations which are inexplicably late." *Id.* at 6. The Court concludes that Defendant is correct that it should not be forced to "bear the cost of Plaintiff's failure to timely present her claims." *Id.* at 6-7 (citing *Hollinger-Haye v. Harrison Western/Franki-Denys*, 130 F.R.D. 1, 2 (D.D.C. 1990)).[2]

---

[1] As noted above, Plaintiff also seeks to amend her complaint to allege that she was retaliated against for complaining about discrimination to her supervisors. Plaintiff does not indicate when this alleged complaint occurred, but it is clear that Plaintiff must have known of it before now.

[2] In addition, although Defendant does not raise the issue, the Court notes that the record is devoid of any information as to whether Plaintiff raised during the administrative phase of this

Accordingly, it is this 6th day of March, 2008, hereby

**ORDERED** [18] Plaintiff's Motion for Leave to File a Second Amended Complaint is DENIED.

**SO ORDERED**.

                                                      /s/
                                      COLLEEN KOLLAR-KOTELLY
                                      United States District Judge

---

case either an allegation that she was retaliated against for complaining of discrimination to her supervisors or a claim that her employer's failure to assign her weekend and vacation work constituted retaliation.  If Plaintiff failed to do so, it is possible that she did not exhaust her administrative remedies and would therefore be precluded from raising her additional claims at this point.  *See Weber v. Batista*, 494 F.3d 179, 183-84 (D.C. Cir. 2007) (noting dispute between circuits as to whether a claim arising after the filing of a formal administrative complaint must be raised with the EEOC before being brought before a district court).