IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

BRIDGET POLLARD

    Plaintiff,

v.                                                Civil No.07-662 (CKK)

QUEST DIAGNOSTICS,

    Defendant.

## MOTION FOR LEAVE TO FILE

**NOW COMES** Plaintiff, Bridget Pollard, by undersigned counsel and moves this Court for leave to file her Material Issues of Fact In Dispute that was inadvertently omitted in her Opposition to Defendant's Motion for Summary Judgment. In support of this motion for leave, Plaintiff state herein as follows:

In a rush to file Plaintiff's Opposition to Defendant's Motion for Summary Judgment after experiencing technical problems with his network server, undersign counsel composed Plaintiff's Material Issues of Fact In Dispute but it was inadvertently omitted. Moreover, undersign counsel was not made aware of the omission until he reviewed Defendant's reply which referenced the fact that Plaintiff's Opposition did not include a Material Issues of Fact In Dispute. Defendant is correct in that "the cover page of the Opposition indicates that the document was 'accompanied by' a 'Statement of Material Facts in Dispute." (Defendant's Motion at 2: footnote 1). Undersigned wrongly

1

assumed that the Material Issues of Fact In Dispute were included.

With respect to Defendant's argument that this Court should assume the facts in its Statement of Material Facts as admitted, Plaintiff believes that such a request would be too severe. (See Defendant's Motion at 2: II, A). Plaintiff now seeks to enter into the record her Statement of Material Facts In Dispute that was previously composed, but inadvertently omitted with her Opposition to assist this Court as it outlines the background of this dispute. (See *PM Services Co. v. Odoi Associates, Inc*. 2006 WL 20382 D.D.C., 2006 at footnote 1). Defendant does not consent to this motion.

## CONCLUSION

For the foregoing reasons, Plaintiff asks this Court to grant her the requested relief.


June 26, 2008          Respectfully submitted on Plaintiff's behalf,


                  /s/
Nathaniel D. Johnson, Esq.
Richard Lloyd Thompson, II, Esq.
*Of Counsel*
201 Centennial Street, Suite A-2
P. O. Box 1857
LaPlata, MD 20646
(301) 645-9103/ (301) 893-6890 (fax)

## Certificate of Service

I, Nathaniel D. Johnson, certify that on this date, June 26, 2008, the foregoing Motion for Leave and Order were sent, ECF, to Michael Stevens, Esq.


Nathaniel D. Johnson: /S/

2

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| BRIDGET POLLARD<br><br>    **Plaintiff,**<br><br>v.<br><br>QUEST DIAGNOSTICS<br><br>    **Defendant.** | Civil Action 07-692 (CKK) |

### PLAINTIFF'S STATEMENT OF MATERIAL ISSUES OF FACT IN DISPUTE

1. Plaintiff was hired as a Medical Technologist with Defendant or about October 2002, (Plaintiff's Deposition, 54:12-14).

2. On May 2005, Defendant posted in its vacancy announcement a Project Manager position. The announcement contained minimum qualifications for the Project Manager position, but did not include any highly technical qualifications. (Plaintiff's Deposition, Defendant's Exhibit 8).

3. According to Defendant's policy, a written position description is required before posting a position. (Knapp's Deposition at 16:7-11).

4. All of the internal applicants for the position were minorities. (See Exhibit D, Workflow Data Report).

5. In Spring 2005, Plaintiff was interviewed for the position. (See Exhibit C, Defendant's Internal Investigation).

6. In July 2005, Defendant interviewed Sean Townsend, who is white, for the Project Manager position (Id.).

7. In August 2005, Defendant composed the position description that required specific technical qualifications that were different from the vacancy announcement posted May 2005. (Vanderburg's Deposition at 30:13-21).

8. Sean Townsend was granted the Project Manager position. (Exhibit C).

9. Plaintiff complained to Defendant of racial discrimination based upon the failure to promote issue October 2005. (See Exhibit E, E-mail from Knapp to Vanderburg).

10. Plaintiff filed a Charge of Discrimination with the U.S. EEOC on November 2005. (See Exhibit G, Plaintiff's Charge of Discrimination).

11. After Defendant was informed of Plaintiff's Charge of Discrimination, she received an adverse performance review score resulting in a lesser merit pay increase. (See Exhibit F, Plaintiff's Performance Review).

12. Plaintiff testified that when she confronted Ms. Aglipay, regarding the lower score she was told that Michael Vanderburg directed her [Aglipay] to only give "2.0" to her subordinates. (See Plaintiff's Deposition at 155:14-16).

June 9, 2008        Respectfully submitted on Plaintiff's behalf,

/s/
Nathaniel D. Johnson, Esq.
Richard Lloyd Thompson, II, Esq.
*Of Counsel*
201 Centennial Street, Suite A-2
P. O. Box 1857
LaPlata, MD 20646
(301) 645-9103/ (301) 893-6890 (fax)

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| **BRIDGET POLLARD**<br>**2717 Cabochon Diamond Court**<br>**Raleigh, NC 27610**<br><br>    Plaintiff,<br><br>v.<br><br>**QUEST DIAGNOSTICS,**<br>**1150 Varnum Street, N.E.**<br>**Washington, DC 20620**<br><br>    Defendant. | Civil No.07-662 (CKK) |

## ORDER

**WHEREFORE**, Plaintiff has moved this Court for an Order for Leave to file her

Statement of Facts, it is hereby ORDERED as follows:

Plaintiff's motion is hereby GRANTED, this _____day of June 2008;

Plaintiff's motion is hereby DENIED, this ____day of June 2008.

**SO SHALL IT BE ORDERED.**

_____
**Judge Kollar-Kottelly**

1