UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| BRIDGET POLLARD, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No. 1: 07-00692(CKK) |
| ) | |
| QUEST DIAGNOSTICS, ) | |
| Defendant. ) | |

### DEFENDANT' S OPPOSITION TO PLAINTIFF'S MOTION FOR LEAVE TO FILE STATEMENT OF MATERIAL FACTS IN DISPUTE

Defendant Quest Diagnostics ("Quest") by and through counsel, respectfully submits this Opposition to Plaintiff's Motion for Leave to File Statement of Material Facts in Dispute.

Asking the Court yet another time for special treatment, Plaintiff requests leave to file a Statement of Material Facts in Dispute, claiming that it was "inadvertently omitted" in the "rush" to file her Opposition to Defendant's Motion for Summary Judgment after allegedly suffering technical problems. The reality is, there should have been no "rush" to file Plaintiff's Opposition, after Plaintiff requested and received a 15-day extension to file the Opposition, and had from April 21, 2008 until June 9, 2008 to prepare and attach a Statement of Material Facts to the Opposition.

1

The Court made it abundantly clear at the March 7, 2008 Status Conference and in its Order of the same date that Plaintiff was required to submit a Statement of Material Facts in Dispute, and the Order clearly notified her of the consequences of her failure to submit such a Statement. Plaintiff's failure to file such a Statement, whether inadvertent or not, should not be excused under these circumstances.

If the Court does grant Plaintiff's Motion, then Defendant will have to be granted leave to file yet another Reply to Plaintiff's Opposition, in order to incorporate Defendant's response to the Statement. It would only be fair to require Plaintiff to pay Defendant's attorneys' fees and costs in filing both this Opposition and if applicable, the second Reply.

And, even if the Court grants Plaintiff's Motion to file the Statement, the form of the Statement is inconsistent with Local Rules 7.1(h) and 56, as well as the Court's March 7, 2008 Order, which tracks those rules and provides as follows:

> A party responding to a statement of material facts must respond to each paragraph with a correspondingly numbered paragraph, indicating whether that paragraph is admitted or denied. The responding party should include any information relevant to its response in that paragraph. If the responding party has additional facts that are not addressed in the corresponding paragraphs, the responding party should include these at the end of its responsive statement of facts. At all points, parties must furnish precise citations to the portion of the record on which they rely.

Plaintiff's proposed Statement does not admit or deny any of the undisputed facts in Defendant's Statement, as required. Moreover, some of the alleged facts are based on documents that Plaintiff did not authenticate through testimony of witnesses with personal knowledge. *See* ¶¶ 4, 5, 6, 9 and 10.

Likewise, one of the major "facts" alleged by Plaintiff, that Defendant composed the job description in August 2005 and added several technical qualifications that were not in the more limited job positing, is not supported by the deposition testimony of Mr. Vandenburg that Plaintiff cites. *See* ¶ 7. Indeed, the cited testimony in context with the question and Mr. Vandenburg's full answer is set forth below:

> Q. Let me ask the question this way. After you and Mr. Leap composed the position description what happened to it? Was it posted for the job announcement?
> A. Here's how I recall the process. And believe me my memory is foggy on this because it's been a long time for me.
> Q. Okay.
> A. We needed a job description in order to post the position. This is one of the things that HR wants. It makes sense to me.
>    So not knowing how [to] compose it because I'm not that familiar with the technical aspects of this job, I asked that we have some help in doing so from Rich Leap and his group specifically Gloria Lim who worked for Rich Leap and was the incumbent in that job.
>    And I suggested it might be a good idea to pull out her position description and see what it entailed and if they should modify that and present that as the position description.
>    Those are what I remember in fact. After that my assumption is that [they] went through human resources and human resources signed off on it because they had to have it in order to post the position so those two things had to go together at some point.

*See* Exhibit 1 attached hereto [Vandenburg Dep. P.30 L. 3 – P. 31 L. 4].

There is absolutely nothing in this testimony to suggest that the technical qualifications were added to the job description in August 2005, after Plaintiff and Mr. Townsend were interviewed. Rather, this testimony establishes conclusively the undisputed fact that the job description was prepared before the job was posted in May

3

2005.  This is yet another reason why Plaintiff's proposed Statement should not be accepted.

WHEREFORE, Defendant respectfully requests that the Court enter the attached proposed Order and deny Plaintiff's Motion, award Defendant its reasonable attorneys' fees and costs in filing this Opposition, and grant Defendant such further relief as the Court may deem proper.

                                              Respectfully submitted,

                                              ____/s/ __Michael_L. Stevens_____
                                              Michael L. Stevens D.C.  Bar No. 384887
                                              Arent Fox LLP
                                              1050 Connecticut Avenue, N.W.
                                              Washington, D.C.  20036-5339
                                              (202) 857-6000
Dated:  July 1, 2008                          Counsel for Defendant

**CERTIFICATE OF SERVICE**

I hereby certify that on this 1st day of July, 2008, a copy of the foregoing Defendant's Opposition to Plaintiffs' Motion for Leave to File Statement of Facts in Material Dispute and Proposed Order was filed electronically. Notice of this filing will be sent to all parties by operation of the Court's electronic filing system and copies will be mailed via U.S. mail, postage prepaid to:

>Nathaniel D. Johnson, Esq.
>Richard L. Thompson, Esq.
>The Law Firm of Nathaniel D. Johnson, L.L.C.
>201 Centennial Street, Suite #A-2
>P.O. Box 1857
>LaPlata, MD 20646

>      /s/ Michael L. Stevens
>     Michael L. Stevens

5

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| **BRIDGET POLLARD,** ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No. 1: 07-00692(CKK) |
| ) | |
| ) | |
| **QUEST DIAGNOSTICS,** ) | |
| Defendant. ) | |
| ) | |

## ORDER

UPON CONSIDERATION of Plaintiff's Motion for Leave to File Statement of Material Facts in Dispute, the memoranda of points and authorities in support thereof and in opposition thereto, and the arguments of the parties, it is this __ day of July, 2008 hereby

ORDERED, that said Motion is denied; and it is hereby

FURTHER ORDERED, that Plaintiff must pay Defendant's attorneys' fees and costs in opposing the Motion.

_____
Judge Colleen Kollar-Kotelly
United States District Judge