UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| BRIDGET POLLARD,<br><br>    Plaintiff,<br><br>    v.<br><br>QUEST DIAGNOSTICS,<br><br>    Defendant. | Civil Action No. 07-692 (CKK) |

**ORDER**
(July 9, 2008)

Defendant filed its [25] Motion for Summary Judgment in this matter on April 21, 2008. On June 10, 2008–following a fifteen-day extension–Plaintiff filed her [29] Opposition to Defendant's Motion for Summary Judgment. Defendant filed its [30] Reply on June 24, 2008, alerting the Court, and apparently Plaintiff's counsel, to the fact that Plaintiff's Opposition failed to include, as it represented it had, an opposing Statement of Material Facts as required by Local Civil Rules 7(h) and 56.1. On June 26, 2008, Plaintiff filed a [31] Motion for Leave to belatedly file her Statement of Material Facts, in which her counsel asserted that he had inadvertently omitted the Statement of Material Facts from Plaintiff's June 10, 2008 Opposition and requested to file a Statement of Material Facts attached to the Motion for Leave to File, *see* Docket No. [31-2]. Defendant filed its Opposition to Plaintiff's Motion for Leave to File on July 1, 2008.

The Court has reviewed Plaintiff's original Opposition as well as the Statement of Material Facts, Docket No. [31-2], that Plaintiff proposes to file in her Motion for Leave to File. That review revealed that, as Defendant points out in its Opposition to Plaintiff's Motion for Leave to File, Plaintiff's proffered Statement of Material Facts fails to comply with Local Civil

Rules 7(h) and 56.1, and thus with this Court's August 6, 2007 and March 7, 2008 Orders, which specifically advise the parties that "[t]he Court strictly adheres to the dictates of Local Civil Rules 7(h) and 56.1 and may strike pleadings not in conformity with these rules." *Pollard v. Quest Diagnostics*, Civil Action No. 07-692, Docket Nos. [7] and [24] (citing *Burke v. Gould*, 286 F.3d 513, 519 (D.C. Cir. 2002)). In addition, although Plaintiff's original Opposition cites directly to the record for support, it does not cite to Plaintiff's Statement of Material Facts.

The District Court for the District of Columbia has supplemented Federal Rule of Civil Procedure 56 with LCvR 56.1, which requires that each party submitting a motion for summary judgment attach a statement of material facts to which that party contends there is no genuine issue, with specific citations to those portions of the record upon which the party relies in fashioning the statement.[1] The party opposing such a motion must, in turn, submit a statement of genuine issues enumerating all material facts which the party contends are at issue and thus require litigation. *See* LCvR 56.1. Where the opposing party fails to discharge this obligation, a court may take all facts alleged by the movant as admitted. LCvR 56.1. As the District of Columbia Circuit has emphasized, "[LCvR 56.1] places the burden on the parties and their

---

[1] The Rule provides, in relevant part:

> Each motion for summary judgment shall be accompanied by a statement of material facts as to which the moving party contends there is no genuine issue, which shall include references to the parts of the record relied on to support the statement. An opposition to such a motion shall be accompanied by a separate concise statement of genuine issues setting forth all material facts as to which it is contended there exists a genuine issue necessary to be litigated, which shall include references to the parts of the record relied on to support the statement. . . . In determining a motion for summary judgment, *the Court may assume that facts identified by the moving party in its statement of material facts are admitted, unless such a fact is controverted in the statement of genuine issues filed in opposition to the motion*.

LCvR 56.1 (formerly known as Local Rule 108(h) (emphasis added).

counsel, who are most familiar with the litigation and the record, to crystallize for the district court the material facts and relevant portions of the record." *Jackson v. Finnegan, Henderson, Farabow, Garrett & Dunner*, 101 F.3d 145, 151 (D.C. Cir. 1996) (citing *Twist v. Meese*, 854 F.2d 1421, 1425 (D.C. Cir. 1988); *Guarino v. Brookfield Township Trustees*, 980 F.2d 399, 406 (6th Cir. 1992)). Because of the significance of this task and the potential hardship placed on the court if parties are derelict in their duty, courts require strict compliance with LCvR 56.1. *See id*. at 150 (citations omitted). Plaintiff's proposed Statement of Material Facts Not in Dispute fails to comply with her obligations under Local Civil Rules 56.1 and 7(h) because, by failing to specifically admit or deny each factual assertion included in Defendant's Statement of Material Facts, Plaintiff has not identified which, if any, material facts are in dispute in this action.

    Accordingly, it is this 9th day of July, 2008, hereby

    **ORDERED** that [31] Plaintiff's Motion for Leave to File Statement of Material Facts is DENIED because the Statement of Material Facts that Plaintiff proposes to file does not comply with this Court's Orders and Local Civil Rules 56.1 and 7(h); it is further

    **ORDERED** that [29] Plaintiff's Opposition to Defendant's Motion for Summary Judgment shall be stricken; it is also hereby

    **ORDERED** that Plaintiff shall file a revised Opposition to Defendant's Motion for Summary Judgment, including a properly prepared response to Defendant's Statement of Material Facts, which responds to each paragraph of Defendant's Statement with a correspondingly numbered paragraph, indicating whether that paragraph is admitted or denied. Plaintiff should include any information relevant to her response in that paragraph. If Plaintiff has additional facts that are not addressed in the corresponding paragraphs, Plaintiff should include these at the end of her responsive statement of facts. At all points, Plaintiff must furnish

precise citations to the portions of the record on which she relies; it is also hereby

**ORDERED** that Plaintiff shall file her revised Opposition on or before July 23, 2008 and shall include citations to her revised Statement of Material Facts in her revised Opposition. The Court has set an expedited schedule in order to promptly address Defendant's Motion for Summary Judgment. Rather than simply treat the facts alleged by Defendant as conceded, the Court is allowing Plaintiff an opportunity to properly comply with her obligations pursuant to Local Civil Rules 7(h) and 56.1. However, as Plaintiff is at fault for failing to comply initially, the Court WILL NOT GRANT Plaintiff any extensions; it is also hereby

**ORDERED** that Defendant shall file its Reply to Plaintiff's Opposition, which Defendant may revise as necessary in light of Plaintiff's revised Opposition and properly prepared response to Defendant's Statement of Material Facts Not in Dispute, on or before August 8, 2008.

**SO ORDERED.**

                                                                               */s/*
                                              COLLEEN KOLLAR-KOTELLY
                                              United States District Judge